JOSEPH MOSS vs. JOHN RAYNOR and CHARLES H. POND.

An attorney appearing for a corporation, defendant, and who is treated as such through all the stages of the cause, without any proof of a revocation of his powers, held sufficient, to deny a motion to set aside the judgment, for irregularity in the service of the process on the corporation.

*Motion by defendants to set aside a judgment against the Rossie Lead Mining Company, the summons therein and all proceedings thereon, for irregularity.*—This is an action of debt, in which the plaintiff seeks to recover of the defendants, alleging that they were holders of stock in the Rossie Lead Mining Company, a demand alleged to be due by the said company, under the provisions of the act incorporating the same; by which stockholders are made liable for debts of the company after judgment has been obtained against said company therefor, and an execution returned unsatisfied. The suit against the company on which the judgment mentioned in the declaration in this suit, was obtained, was commenced by summons, returnable January term, 1844, and was served on Nathan S. Pitkin, who defendants allege, had ceased to be an officer and director of said company, and held no official relation to the company whatever, by which service of a summons on him became legal, and that he had no authority to act for said company. Pitkin handed the summons to an attorney, who appeared in the suit for the company. The defendants allege that the attorney was not authorized by the company to appear in the suit. The defendants state that they had no notice or knowledge of the judgment or of the suit until served with the declaration in this cause, on or about the 28th December last, and allege that this suit is carried on for the benefit of one Averell, former president of said company. The plaintiff shows that the suit against the company, in his favor, was commenced on a promissory note given by the company; that the summons was sent to the sheriff of St. Lawrence county, with directions to serve it on some of the officers of said company, according to statute. The sheriff informed plaintiff's attorney, that Pitkin was a director of said corporation, and the only one upon whom service could be made, and the only one who had not sold out his stock therein. The plaintiff's attorney thereupon moved this court at the December special term, 1843, for a rule granting leave to serve the summons on a director of said company, which was granted; and the summons was subsequently served by the sheriff, on said Pitkin, in accordance with said rule. On the 19th January, 1844, plaintiff's attorney received a notice from Ransom H. Gillet, Esq., that he was retained to defend said suit, and was treated as such attorney in the subse-

quent stages thereof. At the following July circuit of St. Lawrence county, a verdict on an inquest was taken against the corporation and judgment thereupon entered; there were five suits commenced against the corporation, three of which were defended; in the other two judgments by default were taken against the company; the process in each of the suits were served on said Pitkin, and said Gillet appeared as attorney for said corporation in each of them.

A. TABER, *Defts Counsel.*     G. C. GODDARD, *Defts Atty.*
J. A. SPENCER, *Plffs Counsel.*     SPENCER & KERNAN, *Plffs Atty.*

BEARDSLEY, Justice.—Denied the motion, on the ground that the Rossie lead mining company had appeared by attorney, and there was no evidence to show that his powers had been revoked.

*Decision*—Motion denied with seven dollars costs to plaintiff's attorneys, in this suit, and with seven dollars costs to plaintiff's attorneys, in the suit against the company.